IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| **ALVIN L. JONES, SR.,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 7:21CV00034 |
| ) | |
| v. ) | OPINION |
| ) | |
| **SHERIFF TIM ALLEN, ET AL.,** ) | By: James P. Jones |
| ) | Senior United States District Judge |
| Defendants. ) | |
| ) | |

*Alvin L. Jones, Sr., Pro Se Plaintiff.*

The plaintiff, Alvin L. Jones, Sr., a Virginia inmate proceeding pro se, filed this civil rights action under 42 U.S.C. § 1983 in January of 2021. The defendants have responded with a Motion to Dismiss, ECF No. 17, arguing that the case fails to state a claim. The court notified Jones of defendants' motion on June 22, 2021, granting him twenty-one days to respond. The court's notice warned Jones that failure to respond to the motion within the allotted time would be interpreted as a loss of interest in prosecuting the case and would result in dismissal of the case without prejudice.

A district court has authority to dismiss an action for failure to prosecute, as expressly recognized in Rule 41(b). *Cleveland v. Astrue*, No. 3:11CV678-REP, 2012 WL 4329291, at *2 (E.D. Va. Aug. 23, 2012), *report and recommendation*

*adopted*, No. 3:11CV678-REP, 2012 WL 4329286 (E.D. Va. Sept. 17, 2012) (citing *Link v. Wabash R. Co.*, 370 U.S. 626, 629–31 (1962) ("The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an inherent power, governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.")). When considering dismissal for failure to prosecute, the court must take into account four factors: (1) the plaintiff's degree of personal responsibility; (2) the amount of prejudice caused to the defendant; (3) the presence of any drawn-out history of deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal. *Cleveland*, 2012 WL 4329291, at *2 (citing *Hillig v. Commissioner*, 916 F.2d 171, 174 (4th Cir. 1990)). While dismissal could be with prejudice if these factors weigh in defendants' favor, Rule 41(b) gives the court discretion to specify that the dismissal is without prejudice. *Payne v. Brake*, 439 F.3d 198, 204 (4th Cir. 2006).

After receiving the court's Notice, Jones moved for and was granted an extension of time to respond to defendants' motion — until August 19, 2021. That response deadline has now passed. During that time period, Jones has not filed any responsive pleading addressing the defendants' arguments. Accordingly, the court finds that while Jones may be personally responsible for failing to comply with the court's order, despite being warned of impending dismissal without prejudice, there

is otherwise no history of plaintiff's deliberately delaying the case or causing prejudice to defendants. Therefore, the court concludes that dismissal without prejudice is an appropriate sanction. Therefore, I will dismiss the action without prejudice.

A separate final order will be entered herewith.

DATED: September 7, 2021

/s/  James P. Jones
Senior United States District Judge